## JOHNSON et al. v. ATLANTIC AVE. R. CO. OF BROOKLYN.

(Supreme Court, General Term, Second Department. February 13, 1893.)

REFERENCE—INVOLVED ACCOUNTS.
Where the account of money expended by plaintiffs in the performance of the contract sued on contained different items, included in about 1,000 vouchers on one side, and items amounting to $40,000 on the other side, representing the proceeds of the sale of property purchased in connection with the performance of the contract, a reference is proper.

Appeal from special term.

Action by Tom L. Johnson and another against the Atlantic Avenue Railroad Company of Brooklyn for breach of contract. From an order denying a reference, defendant appeals. Reversed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

Tracy, Boardman & Platt, for appellant.
James C. Church, for respondents.

DYKMAN, J. We think the motion to refer this action to a referee to hear and determine the same should have been granted. It was stated in the moving papers that the account of the plaintiffs for moneys alleged to have been expended by them in constructing and equipping the cable road described in the complaint herein contains the different items included in about 1,000 vouchers on one side, and items aggregating about $40,000 on the other side, representing the proceeds of sale of property alleged to have been purchased in connection with the construction and equipment of said cable road. That allegation receives corroboration by the closing charge in the complaint, that, to enable the plaintiffs to comply with the terms of the agreement upon which the action is based, it was necessary for them to expend, and they did expend, large sums of money in the purchase of real estate, machinery, cars, horses, the hiring of employes, and other expenditures for construction of the railroad, and that by reason of the defendant's breach of the said agreement, as aforesaid, and its failure to obtain the aforesaid consents, the enterprise contemplated by the agreement became abortive, to the damage of the plaintiffs in the sum of $300,000. Whatever the measure of damages may be, it will be necessary to prove those expenditures upon the trial, and the account thereof will be long, and better understood by a referee than by a jury. The order should be reversed, with $10 costs and disbursements, and the motion should be granted, with $10 costs, to abide the event. All concur.